[Civ. No. 433.    First Appellate District.—May 15, 1908.]

# HERBERT J. NIMS, Respondent, v. C. P. CUNNINGHAM, Appellant.

PHYSICIANS—ACTION FOR SERVICES—CARE OF DEFENDANT'S DAUGHTER—EVIDENCE—CONDITION OF ROOM—IMPRESSION OF WITNESS—HARMLESS RULING.—In an action for medical services rendered to defendant's daughter during her last illness, in plaintiff's rooms, in which a witness had testified that the sick-room was in a "mussed-up" condition, but after her death, when he visited it with the coroner's jury, it was considerably changed and had been cleaned up, a question whether the witness wished "to leave the impression . . . that the rooms had been in any way transformed for the purpose of inspection," should properly have been ruled out upon objection thereto; yet, where the witness answered in the negative, the question of fact whether he did convey said impression or not was for the jury, but whether he intended to convey such impression was wholly immaterial, and the answer was harmless.

ID.—FRIENDLY RELATIONS BETWEEN FAMILIES.—Evidence of friendly relations between plaintiff's daughters and the daughters of defendant, and between the two families, is relevant to show why the plaintiff was employed as a physician; but evidence of such fact would not excuse defendant from paying the legal obligation incurred for care of his daughter, and was harmless to the defendant.

ID.—CROSS-EXAMINATION OF DEFENDANT—OMISSION IN RELATION TO DAUGHTER.—Evidence given upon the cross-examination of defendant against his objection to show that he did not accompany his daughter to the city where she was cared for in plaintiff's charge, that he did not have her address, or write to her, and did not visit the room to which she was taken, tended to show that the daughter was left in plaintiff's entire charge, and that it was his duty to look out and care for her, and was not prejudicially erroneous, so as to require a reversal of the judgment for plaintiff.

APPEAL from an order of the Superior Court of Santa Clara County, denying a new trial.   M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

W. A. Beasly, for Appellant.

John G. Jury, for Respondent.

COOPER, P. J.—This action was brought to recover $1,500 for services rendered, expenditures incurred and money paid out by the plaintiff for defendant in connection with the care and medical treatment of defendant's daughter during her last illness, all done at defendant's special instance and request.

The case was tried before a jury, and a verdict rendered for plaintiff in the sum of $1,100. Upon this verdict judgment was entered, and the court subsequently made an order. denying the motion of defendant for a new trial. This appeal is from the order so made.

The evidence as to the value of the plaintiff's services, and as to whether or not suitable and proper care was taken of the deceased during her unfortunate illness, was conflicting, and we cannot, even if disposed to do so, interfere with the province of the jury in this regard, and it is not insisted that we should do so.

The appellant relies entirely upon certain rulings in the admission or rejection of evidence, which he claims to have been of such a serious and prejudicial nature as to call for a reversal of the order.

The first error assigned is in relation to the evidence of one Cody, who was called as a witness for the plaintiff. After this witness had testified to visiting the room where deceased was being cared for, and that there were dishes in the rooms; that they were "mussed up," and the bedclothing covered with coffee stains, and as to the condition of the night-gown of deceased, he testified that he afterward visited the rooms with the coroner's jury, and found that they had been considerably changed and cleaned up, so they were in a different condition from that in which they were when the witness first

saw them. Plaintiff's counsel then asked the witness the following question: "Q. You did not wish therefore to leave the impression in whatever you say that the rooms had been in any way transformed for the purpose of inspection or anything of that kind?" Counsel objected to this question on the ground it was immaterial as to what impression the witness wished to leave. The court overruled the objection, and the defendant excepted. The witness answered, "That is a fact, yes, sir." Counsel then asked the witness: "Q. Then with the exception of tidying up, the rooms were substantially the same when you went there the second time as they were when you was there the first time? A. Yes, sir, they were just about the same after they were cleaned."

It would have been better practice for the court to have sustained the objection to the question, but the evidence was harmless. As to the impression the witness desired to leave it was not necessary to determine. He had testified to the facts as he understood them, and the jury could draw its own inference therefrom. The answer of the witness was to the effect that he did not desire to convey such impression. It is argued by counsel, "His impression therefore carried great weight with the jury." It does not appear to us that the impression of the witness could have carried great weight with the jury when he only testified that he did not intend to convey any impression. Whether he conveyed such impression or not was for the jury to say. Whether he intended to convey such impression was wholly immaterial, and being so immaterial the answer was harmless.

The next error assigned is in regard to a ruling on a question asked of plaintiff, which ruling is said to be "equally vicious." Plaintiff was a physician, and the deceased had consulted him as a physician and friend. After testifying that he had had two daughters attending the high school with the deceased, Gladys Cunningham, he was asked this question: "Q. Did you know what, if any, was the relation between your daughters and herself?" Defendant's objection to this question was overruled, and the witness answered: "The relations existing between my daughters and Gladys Cunningham were those of schoolmates. The first time I met her she came to our house one evening with her brother."

The question and answer were merely introductory, and were proper. The relations that existed between the families of the plaintiff and the defendant, and the fact that the daughters were schoolmates tended to show why the plaintiff was employed. It probably was not very material, but it was certainly harmless. In fact, the defendant in his answer set forth the friendship that existed between his daughter and the members of the plaintiff's family. The fact that the plaintiff was employed by reason of such friendship would not excuse the defendant from paying the legal obligation incurred by him to plaintiff. If·the evidence tended to show that the plaintiff was called upon in the first place only as a friend, it certainly was not injurious to defendant, but it might have been to plaintiff.

In the cross-examination of defendant the plaintiff was permitted, under defendant's objection, to show that defendant did not write to his daughter while she was in San Francisco in charge of plaintiff; that he did not have her address; that he did not accompany her to San Francisco, and did not visit the room to which she was taken. It is claimed that this course of examination tended to prejudice the defendant in the eyes of the jury, as showing that he was wanting in affection or solicitude for his daughter. He had placed his daughter in the charge of plaintiff, and sent her to San Francisco to be placed in proper rooms and with proper nurses, and to be cared for; and while a parent would ordinarily know the address of his daughter, and visit her himself, we cannot say that under the circumstances the testimony was sufficiently prejudicial to justify a reversal of the case. In cross-examination much latitude is allowed, and much is left to the discretion of the trial court. This evidence was brought out in cross-examination, and it might to a certain extent tend to show the fact that the entire charge of the deceased was left to plaintiff, and that it was his duty to look out for her and care for her.

There are other assignments of error, but not of sufficient importance to justify us in discussing them. We find no error in the rulings of the court that would justify us in reversing the order, denying a new trial.

The order is affirmed.

Kerrigan, J., and Hall, J., concurred.